PEOPLE, PLAINTIFF AND APPELLEE, *v.* MORALES, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Guayama in a Prosecution for Violation of the Internal Revenue Law.

No. 922.—Decided June 21, 1916.

INTERNAL REVENUE LAW — ADMINISTRATIVE FINE — ALTERNATIVE PROSECUTION — DISCRETION OF TREASURER.—Section 23 of the Internal Revenue Act gives the Treasurer of Porto Rico authority to impose a fine or to prosecute the guilty party before the proper court, and being alternative, this power may be exercised at his discretion; and when exercised by imposing a fine, the offender should be given time to pay the same, but he has no right to require that the Treasurer shall subject him to the administrative proceeding instead of prosecuting him.

ID.—RETAIL DEALER.—Section 30 of the Internal Revenue Act as amended in 1913, provides that retail dealers in liquors, wines and beers are subject to the payment of a license; and under the term "retail dealers" are included all merchants, agents and other persons who sell to such as are not dealers any article whose sale is subject to taxation in quantities that are generally sold for individual use and consumption.

ID.—JUDGMENT—COMPLAINT—CORRECTION OF DEFECT.—In order to determine whether a judgment is substantially defective and invalid it should not be considered singly, but in connection with the complaint and other proceedings of record so as to correct in this manner any defect therein; and if the complaint shows a criminal act, although the judgment may not be technically correct, the defect may be corrected by the appellate court under the power conferred by section 364 of the Code of Criminal Procedure.

The facts are stated in the opinion.

*Mr. M. Guzmán Texidor* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On March 30, 1915, a sworn complaint was filed against

Narcisa Morales in the Municipal Court of Salinas, reading as follows:

"I, Ramón Renta, corporal of Insular Police, residing at No. 202 Aguirre Street, Salinas, of age, charge Narcisa Morales with violating the Internal Revenue Law of Porto Rico as follows: That at 10.30 p. m. on May 17, 1914, in Central Aguirre, Salinas, P. R., of the municipal judicial district of the same name and within the jurisdiction of the Distrct Court of Guayama, P. R., said Narcisa Morales, without having a license to sell distilled spirits, wines, and beer, unlawfully, maliciously and fraudulently sold to Eustaquio Colón a drink of rum, 'Ramillete' brand, for five cents, in violation of sections 17, 18 and 21 of the License Tax Act of March 8, 1905, as amended March 14, 1907, March 9, 1911, and August 9, 1913."

The case was tried *de novo* in the District Court of Guayama on appeal and after hearing the evidence and considering the Internal Revenue Law the said court, by its judgment of June 8, 1915, convicted the defendant of violating the provisions of the said law and sentenced her to pay a fine of $100 and the costs, or in default thereof to imprisonment one day for each dollar of the fine not paid, such alternative imprisonment not to exceed thirty days.

From that judgment the defendant took an appeal to this court and assigned the following errors of law:

*First.* That the court erred in convicting the defendant of violating the Internal Revenue Law when it did not appear from the record that previously the Treasurer of Porto Rico had imposed an administrative fine upon her, as provided by section 23 of the License Tax Act, and she had been given an opportunity to pay the same.

*Second.* That the judgment is insufficient in that it convicts the defendant of violating the Internal Revenue Law without specifying the offense.

The first ground of appeal has no foundation.

Section 23 of the Internal Revenue Law authorizes the Treasurer of Porto Rico to fine or charge a person before the proper court for violating the Internal Revenue Law

or the regulations established for its enforcement, which authority, being alternative, may be exercised discretionally; and when such discretion is exercised by imposing a fine, the offender must be given an opportunity to pay the same, but he has no right to demand that the Treasurer impose upon him such administrative fine instead of prosecuting him before the proper court. A prosecution was instituted against Narcisa Morales in the present case, and therefore she has no right at law to demand that her punishment be administrative and not judicial.

The said doctrine has already been laid down in the case of *People* v. *Campos,* 17 P. R. R. 1144.

As to the second assignment of error, the objection is rather technical than substantial.

We should not consider the judgment alone but in connection with the complaint and other proceedings of record, endeavoring in this manner to correct any deficiency which there may be in the judgment.

Facts constituting a crime under the Internal Revenue Law are set out in the complaint with sufficient clearness and in terms intelligible to any person who knows how to read the Spanish language, and the sections of the Act defining and penalizing the same are cited therein. This was more than sufficient to put the defendant on notice of the charges made against her and to enable her to prepare her defense. We say more than sufficient because we understand that in a charge made in a municipal court it is not necessary to specify the act alleged to have been violated, it being sufficient to set up the facts constituting the offense; and if these facts constitute any violation of a penal statute or are really criminal, the charge is properly presented. *People* v. *Falcastro,* 17 P. R. R. 88.

Sections 17, 18 and 21 of the Excise Tax Act, cited in the complaint, are as follows:

"Section 17.—No person shall engage in or carry on any business or trade hereinbefore or hereinafter mentioned until he has paid a license tax in the manner hereinafter provided　*　*　*.

"Section 18.—Every person engaging in or continuing in any trade or occupation subject to license taxes under the provisions of this Act without the proper license, or whose license has been revoked, shall for the first offense thus committed be fined not less than one hundred dollars nor more than five hundred dollars or be imprisoned for not less than one month nor more than one year　*　*　*.

"Section 21.—Every person who, himself or by his agents or employees, sells or offers for sale, or exposes for sale, or has on his business premises or on any premises contiguous to or connected therewith, whether used as a dwelling or otherwise, any article subject to tax under the provisions of this act, for the purpose of sale, shall be considered as a dealer and subject to all of the respective provisions of this act and of the regulations issued by the Treasurer of Porto Rico under authority thereof, relating to dealers."

That retail dealers in liquors, wines and beers are required to pay the license tax is shown by section 30 of the Internal Revenue Law as amended, for, according to that section, the term "retail dealers" includes all merchants, agents and others who sell to persons other than dealers in quantities commonly sold for individual use and consumption, any article the sale of which is subject to tax under the provisions of the act.

That liquors, wines and beers are subject to taxation is beyond all question.

Therefore, as the allegations of the complaint are sufficient to charge a criminal offense, we are of the opinion that although the judgment is deficient technically, it is not materially defective when construed in connection with the complaint, which undoubtedly must be referred to, and consequently the appellant must be deemed to have been convicted upon the same facts charged in the complaint which are covered by the sections of the Internal Revenue Law cited therein and by section 30 thereof as amended.

A technical defect like that alleged is no ground for rever-

sal of the judgment. Under section 364 of the Code of Criminal Procedure this court is empowered to correct that defect and to modify the judgment expressly to conform to the complaint. *People* v. *Alvarez,* 21 P. R. R. 80, and *People* v. *Pérez, ante* p. 7.

The judgment appealed from should be affirmed but modified in the sense that the defendant was convicted and sentenced on the facts set up in the complaint constituting the offense defined and penalized by sections 17, 18, 21 and 30 of the Internal Revenue Law of March 8, 1905, as amended by later Acts of March 14, 1907, March 9, 1911, and March 13 and August 9, 1913.

*Modified and affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.